UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION



JOHNSON PREVILON,
Plaintiff

v.                                      Case No. 25-25953-CIV-Damian/Reid

**CLERK OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA,**
in official capacity,

Defendant.
_____/

AMENDED COMPLAINT FOR DECLARATORY
AND PROSPECTIVE INJUNCTIVE RELIEF
(42 U.S.C. § 1983)

## I. JURISDICTION

1. This action arises under 42 U.S.C. § 1983 for violations of rights secured by the First and Fourteenth Amendments to the United States Constitution.
2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.
3. Declaratory relief is authorized under 28 U.S.C. §§ 2201–2202.
4. Venue is proper in this District because the events giving rise to the claims occurred in Miami-Dade County, Florida.

## II. NATURE OF THE ACTION

5. This case concerns Plaintiff's right to reasonable access to non-sealed judicial records maintained by the Clerk of Court.
6. Plaintiff does not challenge the validity of any state court judgment.
7. Plaintiff seeks only prospective relief requiring either reasonable inspection access or written certification that requested records do not exist.
8. The requested relief is forward-looking and falls within the Ex parte Young exception to Eleventh Amendment immunity.

## III. PARTIES

9. Plaintiff Johnson Previlon is a party to Miami-Dade County Case No. CC 22-0008491 and has a direct interest in the integrity and completeness of that record.
10. Defendant Clerk of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, is the official custodian of court records and is sued solely in official capacity for prospective relief.

## IV. STANDING AND INJURY

11. Plaintiff submitted a written request for inspection and verification of specific court-maintained records.
12. Plaintiff has not received confirmation sufficient to determine whether requested records exist or are maintained.
13. Plaintiff's inability to access or verify the existence of such records impairs:

a. Plaintiff's ability to evaluate procedural rights;
b. Plaintiff's ability to meaningfully participate in related judicial proceedings;
c. Plaintiff's ability to ensure the completeness and integrity of the court record.

14. The injury is concrete, particularized, and ongoing.
15. The injury is fairly traceable to the Defendant's custodial control over the requested records.
16. The injury is redressable by declaratory and prospective injunctive relief.

## V. FACTUAL ALLEGATIONS

17. Plaintiff filed IRS Form 14039 to create an administrative record concerning potential misuse or misidentification of identifying information connected to judicial proceedings.
18. Plaintiff seeks confirmation whether certain bond, registry, surety, or related instruments exist within the official court file.
19. Plaintiff seeks either:

a. Reasonable inspection access to non-sealed responsive records; OR
b. Written certification that such records do not exist.

20. Plaintiff has not received such confirmation.

## VI. CLAIM FOR RELIEF

### 42 U.S.C. § 1983 – Denial of Meaningful Access to Courts

21. The First Amendment and the Due Process Clause protect a qualified right of access to judicial proceedings and non-sealed judicial records.

22. Meaningful participation in judicial proceedings requires reasonable access to records relied upon or maintained in those proceedings.
23. The failure to provide inspection access or certification of record status deprives Plaintiff of meaningful access.
24. Defendant's conduct is ongoing.
25. Plaintiff seeks only prospective relief consistent with federal jurisdictional limits.

## VII. PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court:

a. Declare whether the requested records exist and are maintained by Defendant;
b. Order reasonable inspection access to non-sealed responsive records OR written certification of nonexistence;
c. Order preservation of responsive records pending resolution;
d. Award costs as permitted by law;
e. Grant such further relief as is just and proper.

Respectfully submitted,

Johnson Previlon
6251 NW 1st Ave
Miami, FL 33150
786-230-7742
provejohn@yahoo.com

Date: 2/12/2026